NVB 5011 (Rev. 5/16)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK−19−50102−gs |
| DOUBLE JUMP, INC. , | CHAPTER 7 |
| Debtor(s) | |
| | Adversary Proceeding: 21−05027−gs |
| CHRISTINA W. LOVATO | |
| Plaintiff(s) | TRANSMITTAL OF |
| vs | MOTION OF WITHDRAWAL OF |
| | THE REFERENCE |
| LBA REALTY FUND II−COMPANY I, LLC | |
| Defendant(s) | |
| | |
| LBA REALTY FUND II−COMPANY I, LLC, Defendant | |
| Movant(s) | |
| vs | |
| CHRISTINA W LOVATO, Plaintiff/Ch. 7 Trustee | |
| Respondent(s) | |

To:   U.S. District Court
      Bruce R. Thompson Federal Building,
      400 Virginia Street,
      Reno, NV 89501

Withdrawal of Reference Filed in the Same Bankruptcy Case        pending assignment
or in a Related ADV Case

Movant(s) and Respondent(s) are to file all matters relating to the Motion to Withdraw the Reference with the Clerk of the District Court. All documents relating to other matters in this case shall continue to be filed with the Clerk of the Bankruptcy Court.

Dated: 3/23/21

                                              *Mary A Schott*

                                              Mary A. Schott
                                              Clerk of Court

| | |
|---|---|
| SEYFARTH SHAW LLP<br>M. RYAN PINKSTON ESQ.<br>CA Bar No. 310971<br>E-mail: rpinkston@seyfarth.com<br>(*Pending Pro Hac Vice*)<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105<br>Telephone (415) 544-1013<br>Facsimile (415) 397-8549<br><br>*Attorneys for LBA Realty Fund II-Company I, LLC* | GARMAN TURNER GORDON LLP<br>TALITHA GRAY KOZLOWSKI, ESQ.<br>Nevada Bar No. 9040<br>E-mail: tgray@gtg.legal<br>MARK M. WEISENMILLER, ESQ.<br>Nevada Bar No. 9605<br>E-mail: mweisenmiller@gtg.legal<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>Telephone (725) 777-3000<br>Facsimile (725) 777-3112<br><br>*Attorneys for LBA Realty Fund II-Company I, LLC* |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DOUBLE JUMP, INC.,<br><br>      Debtor.<br><br>Affects:<br>☒ DC Solar Solutions, Inc.<br>☐ DC Solar Distributions, Inc.<br>☐ DC Solar Freedom, Inc.<br>☐ Double Jump, Inc.<br><br>CHRISTINA W. LOVATO,<br><br>      Plaintiff,<br>v.<br><br>LBA REALTY FUND II-COMPANY I, LLC<br><br>      Defendant. | Lead Case No.: BK-S-19-50102-gs<br>Chapter 7<br><br>Jointly Administered with:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \|<br><br>Adversary No. 21-05027-GS<br><br>**LBA REALTY FUND II-COMPANY I, LLC'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING AND TRANSFER VENUE AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE**<br><br>Hearing Date: To be determined<br>Hearing Time: To be determined<br>Estimated Time for Hearing: To be determined |

Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, LR 5011, 28 U.S.C. §§ 1404 and 1412, and Federal Rule of Bankruptcy Procedure 7087, LBA Realty Fund II-Company I, LLC ("LBA"), by and through the undersigned counsel, hereby submits this Motion to Withdraw Reference of Adversary Proceeding and Transfer Venue and Supporting Memorandum of Points and Authorities (the "Motion") and in support thereof states as follows:

## RELIEF REQUESTED

1. LBA respectfully requests that the Court immediately withdraw the reference of this action (the "Adversary"), in whole, to the Bankruptcy Court so that LBA's rights and obligations may be determined by an Article III Court, and also requests that the Court transfer this action to the Eastern District of California in the interests of justice and for the convenience of relevant witnesses.

## ARGUMENT

**I.    The Court Should Immediately Withdraw The Reference Of The Adversary.**

2. Because the Bankruptcy Court cannot constitutionally adjudicate the Trustee's claims against LBA and LBA unquestionably is entitled to a jury trial, "cause" exists for the Court to withdraw at this time the automatic reference to the Bankruptcy Court of this Adversary.

    **A.    The Bankruptcy Court cannot adjudicate the Adversary without running afoul of Article III of the Constitution and LBA's Seventh Amendment right to a jury trial.**

3. 28 U.S.C. § 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." It is well established that "cause" to withdraw the reference exists where, as here, a bankruptcy court cannot constitutionally adjudicate a dispute and also when a litigant is entitled to a jury trial pursuant to the Seventh Amendment.

4. Bankruptcy courts are prohibited from adjudicating fraudulent conveyance claims, such as those asserted by the Trustee here, against a party that has not filed a claim against the bankruptcy estate. *See, e.g.*, *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553, 565 (9th Cir. 2012) (bankruptcy courts lack "general authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy

estate"), *aff'd Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014). Congress has statutorily empowered bankruptcy courts to adjudicate such claims, but numerous courts have held that Congress's grant of authority is unconstitutional with respect to fraudulent conveyance claims. *See, e.g.*, *id.*; *Galaz v. Galaz (In re Galaz)*, 765 F.3d 426, 431-32 (5th Cir. 2014); *Waldman v. Stone*, 698 F.3d 910, 918-19 (6th Cir. 2012). Article III of the Constitution prohibits bankruptcy courts from finally adjudicating such claims. *See Waldman*, 698 F.3d at 919 (quoting *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011)). The foregoing is true notwithstanding the designation of fraudulent conveyance claims as a "core" proceeding under 28 U.S.C. § 157(b)(2). *See Exec. Benefits*, 573 U.S. at 38 (explaining state law fraudulent conveyance claims are "not . . . core" because "Article III does not permit these claims to be treated as 'core'").

5.  Additionally, "cause" for withdrawal of the reference exists in cases where the party seeking withdrawal is entitled to a jury trial pursuant to the Seventh Amendment. *See, e.g.*, *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (reversing district court's denial of motion to withdraw reference in face of jury demand); *Peachtree Lane Assocs., Ltd. v. Granader*, 175 B.R. 232, 235 (N.D. Ill. 1994) ("cause" to withdraw reference "automatically exists in cases where the party seeking withdrawal is entitled to a jury trial") (quoting *In re Americana Expressways, Inc.*, 161 B.R. 707, 709 (D. Utah 1993)). The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which *legal* rights were to be ascertained and determined, in contradiction to those where equitable rights alone were recognized, and equitable remedies were administered." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998).

6.  It is well settled that a litigant is entitled to a jury trial of fraudulent conveyance claims like those asserted by the Trustee in this action. *See, e.g.*, *Granfinanciera v. Nordberg*, 492 U.S. 33, 56 (1989) ("[F]raudulent conveyance actions by bankruptcy trustees . . . are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate [and] appear matters of private rather than public rights."). Bankruptcy courts are not permitted to conduct jury trials absent express

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

3

consent of all the parties, and in this Adversary, LBA does not consent to a jury trial before the Bankruptcy Court. *See* 28 U.S.C. § 157(e). Accordingly, cause for withdrawal of the reference indisputably exists here.

      **B.**    **Immediate withdrawal of the reference of the Adversary will serve the interests of judicial economy, preservation of resources, and expediency.**

7. When determining whether to withdraw the reference, courts examine several factors, including "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citation omitted). Here, these factors weigh in favor of withdrawing the reference of the Adversary at this time.

8. This Adversary is at its procedural infancy, which necessarily means that the Bankruptcy Court has no particular familiarity with the specific facts or legal issues embedded within the Trustee's California state law claims. Discovery has not yet begun, and no case management or scheduling orders are in place. Accordingly, no efficiency is to be gained by maintaining the reference of the Adversary to the Bankruptcy Court. *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP (In re Thelen LLP)*, 462 B.R. 457, 473 (S.D.N.Y. 2011) ("[T]here is no reason ***not*** to do now what must be done eventually.") (emphasis added); *In re Align Strategic Partners LLC*, No. 18-03325, 2019 Bankr. LEXIS 1906, at *7-9 (Bankr. S.D. Tex. Mar. 5, 2019) (withdrawal of reference appropriate where, as here, bankruptcy court has not developed familiarity with particular adversary proceeding).

9. Indeed, inefficiency will follow from the outset should this Court decide not to withdraw the reference at this time, as this Court indisputably will be called upon to adjudicate the parties' disputes in light of LBA's right to a jury trial and the Bankruptcy Court's constitutional limitations. This Court should withdraw the reference at this time so that this Court can become familiar with the Adversary in advance of trial and avoid the duplication of efforts by this Court and the Bankruptcy Court that would occur if the Adversary remains before the Bankruptcy Court. *See Sec. Farms*, 124 F.3d at 1009 (unnecessary costs avoided by single proceeding in district

court); *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993) ("The decision whether or not to withdraw the referral immediately is frequently more a pragmatic question of efficient case administration than a strictly legal decision.") (quotation omitted); *KV Oil & Gas, Inc. v. Centre Equities, Inc.*, No. 09-cv-00188, 2009 U.S. Dist. LEXIS 76734, at *10, 13-14 (S.D.W.V. Aug. 27, 2009) (bankruptcy court lacks familiarity with case and district court will conduct jury trial, so immediate withdrawal appropriate so district court may become familiar with case prior to trial); *Plan Administrator v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 54 (N.D. Ill. 2005) ("[I]n some cases, withdrawing the reference for non-core matters avoids unnecessary duplication of judicial effort."); *Hutchins v. APCC Servs., Inc. (In re Star Creditors' Liquidating Trust)*, No. 03-793, 2004 U.S. Dist. LEXIS 3279, at *4 (D. Del. March 3, 2004) (considerations of judicial economy favor withdrawal given right to jury trial); *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues present in this litigation."); *Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co. (In re Nw. Inst. of Psychiatry, Inc.)*, 272 B.R. 104, 111-12 (E.D. Pa. 2001) (withdrawing reference of entire adversary, not just trial portion, in interests of judicial economy, uniformity, expedition of the bankruptcy process, reducing confusion, and efficient use of parties' resources).

10. Furthermore, no party will be prejudiced by withdrawal of the reference here. It is beyond legitimate dispute that this Court will be required to adjudicate the parties' disputes in light of the constitutional infirmities associated with the Bankruptcy Court's resolution of this action.

**II.  The Relevant Factors Weigh In Favor Of Transferring Venue To The Eastern District of California.**

11. Transfer of venue is governed by 28 U.S.C. § 1404(a) with respect to non-core proceedings and 28 U.S.C. § 1412 with respect to core proceedings. Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought.

28 U.S.C. § 1404(a). Section 1412 similarly provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412. Under either venue-transfer statute, the Court has discretion to order a transfer for the convenience of the parties and witnesses or in the interest of justice.

12. Courts consider a variety of factors when analyzing a motion to transfer venue, including, for example, whether either forum has an interest in having the controversy decided within its borders, the locations of the parties and witnesses, the convenience of the witnesses and parties, ease of access to proof, the availability of subpoena power over unwilling witnesses, and expenses related to obtaining witnesses. *See, e.g.*, *In re Bruno's, Inc.*, 227 B.R. 311, 324-25 (Bankr. N.D. Ala. 1998) (collecting cases). The relevant factors here favor transfer of the Adversary to the Eastern District of California.

13. The Trustee's Complaint is predicated upon a fraudulent scheme perpetrated in California by individuals residing in California through businesses incorporated and headquartered in California and involves claims related to the sale of a parcel of real property located in the Eastern District of California. (*See* Complaint, at ¶¶ 2, 5, 22, 27.) According to the Trustee, the Carpoffs created a California limited liability company and used that California entity to purchase the real property located in Concord, California. (*See id.* at ¶¶ 23.) Although the Trustee does not disclose the specific identities of all of the "insiders" with knowledge regarding the alleged scheme, (*see id.* at ¶¶ 13, 17), it stands to reason that such insiders were and are located in California near DC Solar's headquarters. Accordingly, ease of access to proof, the location of witnesses and relevant information, the convenience of such witnesses, and the availability of subpoena power over such witnesses strongly favor transferring this Adversary to the Eastern District of California. *See Bruno's*, 227 B.R. at 325 n. 53-56 (collecting cases).

14. Additionally, the Trustee's causes of action are based on California statutes. (*See* Complaint, at ¶¶ 30-36.) Not only is a federal court located in California likely to be more familiar with California law, but also California has an interest in resolving within its borders a controversy

arising out of events that occurred in California. *See Bruno's*, 227 B.R. at 325 n. 49, 328 (collecting cases).

15. Furthermore, the real property at issue in this action is one of several parcels that are the subject of a forfeiture action commenced in the Eastern District of California. *See U.S. v. Real property located at 5383 Stonehurst Drive, Martinez, California, Contra Costa County, APN: 367-230-018-7, including all appurtenances and improvements thereto, et al.*, Case No. 2:19-CV-00636-JAM-DB. That necessarily means that witnesses and information germane to the Adversary, including, for example, regarding the disposition of the real property at issue, are located in the Eastern District of California and also that the court in that district is already familiar with relevant facts.

**CONCLUSION**

16. For the reasons explained above, the Court should immediately withdraw the reference of this Adversary to the Bankruptcy Court and should transfer venue of this Adversary to the Eastern District of California.

Dated this 22nd day of March, 2021.

        SEYFARTH SHAW LLP

        By: */s/ M. Ryan Pinkston*
           M. RYAN PINKSTON, ESQ.
           560 Mission Street, Suite 3100
           San Francisco, California 94105

        and

        GARMAN TURNER GORDON LLP
           TALITHA GRAY KOZLOWSKI, ESQ.
           MARK M. WEISENMILLER, ESQ.
           7251 Amigo Street, Suite 210
           Las Vegas, Nevada 89119

        *Attorneys for LBA Realty Fund II-Company I, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2021, I served upon all parties of record a true and correct copy of **LBA REALTY FUND II-COMPANY I, LLC'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING AND TRANSFER VENUE AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** by filing a true copy thereof with the Clerk of the Court using the Court's CM/ECF system.

/s/ M. Ryan Pinkston

add note

**WDREF**

# U.S. Bankruptcy Court
## District of Nevada (Reno)
## Adversary Proceeding #: 21-05027-gs

*Assigned to:* GARY SPRAKER  
*Lead BK Case:* [19-50102](#)  
*Lead BK Title:* DOUBLE JUMP, INC.  
*Lead BK Chapter:* 7  
*Demand:* $1612000  

*Date Filed:* 01/22/21

*Nature[s] of Suit:* 14 Recovery of money/property - other

### *Plaintiff*
-----------------------

| | |
|---|---|
| **CHRISTINA W. LOVATO**<br>P.O. BOX 18417<br>RENO, NV 89511<br>(775) 851 1424 | represented by **MICHAEL S BUDWICK**<br>MELAND BUDWICK, P.A.<br>200 S BISCAYNE BLVD, STE 3200<br>MIAMI, FL 33131<br>(305) 358 6363<br>Fax : (305) 358 1221<br>Email: mbudwick@melandbudwick.com<br>*LEAD ATTORNEY*<br><br>**JEFFREY L HARTMAN**<br>HARTMAN & HARTMAN<br>510 WEST PLUMB LANE, STE B<br>RENO, NV 89509<br>(775) 324-2800<br>Fax : (775) 324-1818<br>Email: notices@bankruptcyreno.com<br><br>**KEVIN C. PAULE**<br>MELAND BUDWICK, P.A.<br>200 S. BISCAYNE BLVD, STE 3200<br>MIAMI, FL 33131<br>(305) 358 6300<br>Fax : (305) 358 1221<br>Email: kpaule@melandbudwick.com |

V.

*Defendant*
-----------------------
**LBA REALTY FUND II-COMPANY I, LLC**
NA, NA

represented by **M. Ryan Pinkston**
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Email: rpinkston@seyfarth.com
*LEAD ATTORNEY*

**TALITHA B. GRAY KOZLOWSKI**
GTG,LLP
7251 AMIGO STREET, STE 210
LAS VEGAS, NV 89119
(725) 777-3000
Fax : (725) 777 3112
Email: tgray@gtg.legal

**MICHAEL RYAN PINKSTON**
SEYFARTH SHAW LLP
560 MISSION ST., STE 3100
SAN FRANCISCO, CA 94105
(415) 297 2823
Fax : (415) 397 8549
Email: rpinkston@seyfarth.com

| Filing Date | # | Docket Text |
|---|---|---|
| 01/22/2021 | 1 (7 pgs) | Adversary case 21-05027. Complaint Filed by CHRISTINA W. LOVATO vs. LBA REALTY FUND II-COMPANY I, LLC Fee Amount $350. (14 (Recovery of money/property - other) (BUDWICK, MICHAEL) (Entered: 01/22/2021) |
| 01/22/2021 | 2 | Receipt of Filing Fee for Complaint(21-05027-gs) [cmp,cmp] ( 350.00). Receipt number 19977263, fee amount $ 350.00.(re: Doc#1) (BUDWICK, MICHAEL) (U.S. Treasury) (Entered: 01/22/2021) |
| 01/25/2021 | 3 | Request to Issue Summons On: LBA REALTY FUND II-COMPANY I, LLC. Filed by MICHAEL S BUDWICK on behalf of CHRISTINA W. LOVATO (BUDWICK, MICHAEL) (Entered: 01/25/2021) |
| | 4 | Scheduling Conference scheduled for 5/17/2021 at 09:30 AM at Remote. (Related document(s)1 Complaint filed by Plaintiff CHRISTINA W. |

| | | |
|---|---|---|
| 01/25/2021 | | LOVATO.) (cly) (Entered: 01/25/2021) |
| 01/25/2021 | 5 (4 pgs) | Summons Issued on LBA REALTY FUND II-COMPANY I, LLC (cly) (Entered: 01/25/2021) |
| 01/29/2021 | 6 (2 pgs) | Summons Service Executed on LBA REALTY FUND II-COMPANY I, LLC 1/29/2021 Filed by KEVIN C. PAULE on behalf of CHRISTINA W. LOVATO (Related document(s)1 Complaint filed by Plaintiff CHRISTINA W. LOVATO, 5 Summons Issued.) (PAULE, KEVIN) (Entered: 01/29/2021) |
| 03/10/2021 | 7 (8 pgs) | Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court. Receipt Number 98127 Fee Amount $250. Filed by MICHAEL RYAN PINKSTON on behalf of LBA REALTY FUND II-COMPANY I, LLC (cly) (Entered: 03/10/2021) |
| 03/22/2021 | 8 (12 pgs; 2 docs) | Answer to Complaint (Related Doc # 1) Filed by MICHAEL RYAN PINKSTON on behalf of LBA REALTY FUND II-COMPANY I, LLC (Attachments: # 1 Certificate of Service) (PINKSTON, MICHAEL) (Entered: 03/22/2021) |
| 03/22/2021 | 9 (8 pgs; 2 docs) | Motion for Withdrawal of the Reference . Fee Amount $188. with Certificate of Service Filed by MICHAEL RYAN PINKSTON on behalf of LBA REALTY FUND II-COMPANY I, LLC (Attachments: # 1 Certificate of Service) (PINKSTON, MICHAEL) (Entered: 03/22/2021) |
| 03/22/2021 | 10 | Receipt of Filing Fee for Motion for Withdrawal of the Reference(21-05027-gs) [motion,mwdrefad] ( 188.00). Receipt number 20079187, fee amount $ 188.00.(re: Doc#9) (PINKSTON, MICHAEL) (U.S. Treasury) (Entered: 03/22/2021) |
| 03/23/2021 | 11 (2 pgs) | Request for Special Notice *Notice of Appearance and Request for Special Notice* Filed by TALITHA B. GRAY KOZLOWSKI on behalf of LBA REALTY FUND II-COMPANY I, LLC (GRAY KOZLOWSKI, TALITHA) (Entered: 03/23/2021) |
| | 12 (3 pgs) | Designation of Local Counsel *and Consent Thereto* Filed by TALITHA B. GRAY KOZLOWSKI, M. |

| | | |
|---|---|---|
| 03/23/2021 | | Ryan Pinkston on behalf of LBA REALTY FUND II-COMPANY I, LLC (Related document(s)7 Verified Petition/Pro Hac Vice filed by Defendant LBA REALTY FUND II-COMPANY I, LLC.) (GRAY KOZLOWSKI, TALITHA) (Entered: 03/23/2021) |